Shane Andrew WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–01537–CR.

Court of Appeals of Texas, Dallas.

March 16, 1992.

John H. Hagler, Dallas, for appellant.

Pamela Sullivan Bedanier, Dallas, for appellee.

Before BAKER, OVARD and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Shane Andrew Walker appeals his conviction for conspiracy to possess amphet-

amine. After a bench trial, the court assessed a ten-year sentence and a $2000 fine. In five points of error, Walker asserts that the evidence is insufficient to support the conviction and that the trial court erred by overruling his motion to quash and his plea of double jeopardy. We overrule Walker's points of error. We affirm the trial court's judgment.

## FACTS

Craig Leffler, a narcotics investigator, was the only witness at trial. He testified that he met with Daren Beemer, the co-defendant, to discuss an amphetamine purchase. At that time, Beemer took a sample from Officer Leffler and said he would have to show it to "his man," whom he referred to as "Shane." Through several telephone conversations with Beemer and Walker, the three men agreed to meet face-to-face concerning the amphetamine purchase. Officer Leffler agreed to sell and Walker agreed to purchase a pound for $7500.

When they met, Officer Leffler and Walker discussed, in Beemer's presence, Walker's purchase of several pounds of amphetamine. Officer Leffler had two bags of amphetamine weighing about 300 grams, although he represented to Walker and Beemer that it weighed over a pound. Walker showed Officer Leffler $7500 in cash. Walker did not like the color of the amphetamine and told Officer Leffler that he wanted something more "white and fluffy." Officer Leffler tried to renegotiate the price so Walker would purchase the amphetamine.

Officer Leffler finally told Walker and Beemer that he had more amphetamine in an adjacent motel room. Walker agreed to buy five pounds of white amphetamine as soon as Officer Leffler produced it. Sometime during the meeting, Walker said he could move as much as twenty pounds a month. Walker never purchased any amphetamine from Officer Leffler. Before Walker's conviction in this trial, the State took possession of the money in a separate forfeiture proceeding.

## SUFFICIENCY OF THE EVIDENCE

In his first three points of error, Walker contends that the evidence is insufficient to sustain his conviction because the State failed to prove three things: that an agreement to possess the amphetamine existed; that he and co-defendant Beemer agreed to commit the offense of amphetamine possession; and that they agreed to possess 400 grams or more of amphetamine.

In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Turner v. State*, 805 S.W.2d 423, 427 (Tex.Crim. App.), *cert. denied*, — U.S. ——, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). The judge, as the trier of fact, is the sole judge of the witnesses' credibility and can believe all or any part of the testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978).

The elements of a conspiracy are: (1) a person; (2) with intent that a felony be committed; (3) agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and (4) he or one or more of them performs an overt act in pursuance of the agreement. *Williams v. State*, 646 S.W.2d 221, 222 (Tex.Crim.App.1983); Tex.Penal Code Ann. § 15.02(a) (Vernon 1974). Commission of the underlying substantive offense is not an essential element of conspiracy. *McCann v. State*, 606 S.W.2d 897, 898 (Tex.Crim.App. [Panel Op.] 1980); Tex.Penal Code Ann. § 15.02(c)(5) (Vernon 1974). The essential element of conspiracy is an agreement to commit a crime. *Brown v. State*, 576 S.W.2d 36, 43 (Tex.Crim.App. [Panel Op.] 1978). If the evidence at trial shows there was no actual, positive agreement to commit a crime, the evidence is insufficient to support a conviction for conspiracy. *Id.* The agreement may be shown by circumstantial evidence. *Farrington v. State*, 489 S.W.2d 607, 609 (Tex.Crim.App.1972).

In his first point of error, Walker asserts that the evidence is insufficient to support

the conviction because the State did not prove that an agreement existed to possess amphetamine, but instead only proved a conditional agreement to acquire the amphetamine. He argues that the evidence showed that Walker was only negotiating with Officer Leffler, because any agreement to possess was dependent on Walker's satisfaction with the white, fluffy amphetamine that Officer Leffler promised to produce.

Neither party cites us to any Texas cases, nor have we found any, dealing with the issue of whether the showing of a conditional agreement satisfies the requirement that an agreement exists between co-conspirators. Both sides refer us to federal court decisions in this area. *See United States v. Prince*, 883 F.2d 953, 959 (11th Cir.1989); *United States v. Jones*, 765 F.2d 996, 1002–03 (11th Cir.1985); *United States v. Grassi*, 616 F.2d 1295, 1301–02 (5th Cir.), *cert. denied*, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980); *United States v. Melchor–Lopez*, 627 F.2d 886, 892 (9th Cir. 1980).

Walker argues that, under *Melchor–Lopez* and *Jones*, the evidence is insufficient because the State merely showed negotiations between him and Officer Leffler and failed to prove that an agreement existed. In *Melchor–Lopez*, the Ninth Circuit held that the law requires more than a conspiracy to attempt to arrange a purchase but requires an agreement to carry out an illegal act. *Melchor–Lopez*, 627 F.2d at 892. Since issuing *Melchor–Lopez*, the Ninth Circuit has distinguished it at least four times by emphasizing that the key failing in the government's case was the fact that the co-defendants, who never met or dealt with each other, refused the terms offered by an intermediary. *United States v. Sharif*, 817 F.2d 1375, 1377–78 (9th Cir. 1987); *see also United States v. Pemberton*, 853 F.2d 730, 733 (9th Cir.1988); *United States v. Kiriki*, 756 F.2d 1449, 1455 (9th Cir.1985); *United States v. Escalante*, 637 F.2d 1197, 1200 n. 1 (9th Cir.1980). In *Jones*, the Eleventh Circuit concluded that the evidence was insufficient to establish a conspiracy between co-defendants because the evidence showed that each co-defendant submitted proposals to an undercover agent to handle separate components of a drug importation scheme but did not show that the co-defendants agreed with each other to commit a crime regardless of the agent's involvement. *Jones*, 765 F.2d at 1003.

The Fifth Circuit has held that an agreement subject to a condition is still an agreement for conspiracy purposes. *Grassi*, 616 F.2d at 1302. In *Grassi*, the co-conspirators reached an agreement between themselves to purchase the drugs even though they would not purchase until satisfied that the sellers were not police officers or agents. *Id.* The Eleventh Circuit, four years after deciding *Jones*, reached the same conclusion as the Fifth Circuit when it held that the defendant's dissatisfaction with the quality of drugs delivered did not make the agreement to purchase them any less of an agreement. *Prince*, 883 F.2d at 958–59.

■ Walker mistakenly focuses on the absence of an agreement between himself and Officer Leffler, instead of the existence of an agreement between himself and co-conspirator Beemer. In *Melchor–Lopez* and *Jones*, the government failed to establish an agreement to commit a crime between co-conspirators. *See Jones*, 765 F.2d at 1003; *Melchor–Lopez*, 627 F.2d at 892. In *Grassi* and *Prince*, the co-conspirators agreed to commit a crime but the completion of the criminal act depended on the fulfillment of a condition. *Prince*, 883 F.2d at 959; *see Grassi*, 616 F.2d at 1302. We hold, in accord with the Fifth Circuit, that an agreement between co-conspirators to commit a crime is not any less an agreement simply because the accomplishment of the criminal objective is dependent on the fulfillment of a condition.

■ In this case, Officer Leffler arranged the drug deal through various conversations with Beemer and Walker, and Beemer insisted on taking a sample to show Walker. Officer Leffler's testimony showed that the three men met with the intent that Walker purchase amphetamine. The evidence is sufficient to establish Walker and Beemer's agreement to commit

the offense of amphetamine possession even though the completion of the drug transaction depended on Officer Leffler producing an acceptable quality. We overrule Walker's first point of error.

In his second point of error, Walker asserts that the evidence is insufficient to support the conviction because the State did not prove an agreement between him and the co-defendant Beemer to commit the offense of amphetamine possession. Walker argues that he was not present when Beemer took the sample and that although Beemer was present at the meeting with Walker and Leffler, he did not participate. From this evidence, Walker argues that the evidence is insufficient to establish any agreement between him and Beemer to commit the offense of possession of amphetamine.

■ Walker mischaracterizes the State's burden of proof. The State was not required to show that Beemer and Walker intended to possess the amphetamine jointly. Rather, the State only had to prove that Walker and Beemer agreed that one of them would purchase the amphetamine and, therefore, necessarily possess it and that one of them made an overt act in pursuance of that agreement. *See* TEX.PENAL CODE ANN. § 15.02(a) (Vernon 1974). An agreement may be inferred from the acts of a party. *See* TEX.PENAL CODE ANN. § 15.02(b) (Vernon 1974).

■ In order to be a co-conspirator, Beemer had to know in advance that an offense was to be committed and agree in advance to aid its commission. *Turner v. State,* 720 S.W.2d 161, 164 (Tex.App.—San Antonio 1986, pet. ref'd). A person may be guilty of criminal conspiracy by doing nothing more than agreeing to participate in the conspiracy so long as another co-conspirator does some overt act in furtherance of the conspiracy. *Barber v. State,* 764 S.W.2d 232, 235 (Tex.Crim.App.1988).

Beemer first met with Officer Leffler and took a sample of the drug to show Walker. Leffler testified that he had made arrangements by telephone with Walker and Beemer and, in that process, Walker agreed to purchase a pound for $7500.

Walker then came to the hotel room with $7500 in cash. The testimony shows that Beemer aided Walker's attempt to purchase the amphetamine. The evidence sufficiently establishes the conspiracy between Walker and Beemer to commit the offense of amphetamine possession. We overrule Walker's second point of error.

■ In his third point of error, Walker contends that the evidence is insufficient to support the conviction because the State did not prove that he and Beemer agreed to possess "400 grams or more" of amphetamine. He argues that, even though Officer Leffler represented that he had a pound, they never reached an agreement for its purchase and that Walker's indication that he would purchase white amphetamine amounted to a proposal only.

The State has to prove the object of the conspiracy although it does not have to prove that the co-conspirators achieved their objective. *See Mack v. State,* 772 S.W.2d 162, 164–65 (Tex.App.—Dallas 1989, no pet.). Walker came to the meeting with a little over $7500 and Officer Leffler came with amphetamine that he represented to be a pound. He testified that one pound is over 400 grams. He also testified that Walker agreed to purchase five pounds of "fluffy, white stuff." The evidence sufficiently establishes that the conspiracy involved an intent to purchase an amount over 400 grams. We overrule Walker's third point of error.

## MOTION TO QUASH

In his fourth point of error, Walker contends that the trial court erred in overruling his motion to quash the indictment. He argues that the indictment alleging that he was "engaging in conduct that would constitute the offense of possession of amphetamine" fails to provide adequate notice because it does not allege specific conduct that was the object of the alleged agreement.

■ If a defendant objects to the indictment, it must allege on its face the facts necessary to show that an offense was committed, to bar a subsequent prose-

cution for the same offense, and to give the defendant notice of precisely what he is charged with. *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App.1986). An indictment which tracks the language of the penal statute in question is generally sufficient. *Id.* Unless a fact is essential, the indictment need not plead evidence relied on by the State. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.Crim.App.1988). A term that is defined by statute need not be further alleged in the indictment. *Id.* If the indictment does not give sufficient notice, then the court must determine whether this had an impact on the defendant's ability to prepare a defense and how great an impact. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986).

■ In this case, the indictment alleged:

> ... SHANE ANDREW WALKER did then and there knowingly and intentionally agree with DAREN BEEMER, also known as RICHARD ROBINSON that they or one or more of them engage in conduct which would constitute the offense of possession of a controlled substance, to wit: amphetamine in an amount by aggregate weight including any adulterants or dilutants of 400 grams or more and one or more of them performed an overt act, to wit: produced $7500 current money of the United States of America to facilitate the purchase of the above described controlled substance, in pursuance of the aforementioned agreement with the intent that the offense of possession of a controlled substance be committed, ...

The indictment tracks the language of the statute. *See* TEX.PENAL CODE ANN. § 15.-02(a) (Vernon 1974). The conduct that was the object of the agreement is possession of amphetamine of 400 grams or more. The Texas Health and Safety Code defines possession and ranks the level of the offense by substance and amount. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 481 (Vernon 1992). The indictment further named the production of $7500 to facilitate the purchase of the amphetamine as the overt act. The indictment provided adequate notice

that the object of the agreement was the possession of amphetamine as defined by statute. The trial court did not err in overruling Walker's motion to quash the indictment. We overrule Walker's fourth point of error.

### PLEA OF DOUBLE JEOPARDY

In his fifth point of error, Walker asserts that the trial court erred in overruling his special plea of double jeopardy. He argues that the entry of the civil forfeiture constituted criminal punishment, and therefore, his criminal judgment subjects him to multiple punishments for the same offense in violation of double jeopardy principles. *United States v. Halper*, 490 U.S. 435, 439–50, 109 S.Ct. 1892, 1896–1903, 104 L.Ed.2d 487 (1989); U.S. CONST. amend. V.

■ In a prio. case addressing this issue, we held that a civil forfeiture proceeding and corresponding criminal action did not automatically subject a defendant to double jeopardy. *Ex parte Rogers*, 804 S.W.2d 945, 951 (Tex.App.—Dallas 1990, no writ). In *Rogers*, we concluded that the legislature intended the forfeiture provision of the Texas Controlled Substances Act to be a remedial civil proceeding. *Id.* at 950. The criminal conviction can violate a defendant's protection against multiple punishments if the civil penalty provision is so extreme that it subjects the offender to a sanction overwhelmingly disproportionate to the damage caused. *Id.* at 949; *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902. If the forfeiture does negate the legislature's civil intent, then Walker's criminal conviction violates his protection from multiple punishments. *Rogers*, 804 S.W.2d at 949. We examine the evidence to determine if the forfeiture was so punitive that it negated the legislature's civil intent. *See Rogers*, 804 S.W.2d at 950.

■ Officer Leffler testified that Walker told him he could move as much as twenty pounds a week. He also agreed to buy five pounds when Officer Leffler produced good quality amphetamine. The seizure of the agreed purchase price of one pound of amphetamine is not punitive under the evidence before the trial court.

Walker's conviction of conspiracy to possess amphetamine after the forfeiture of $7500 did not violate his protection against multiple punishments for the same offense. The trial court did not err by overruling his special plea of double jeopardy. We overrule his fifth point of error.

We affirm the trial court's judgment.