Oscar **MENEFEE, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–94–00122–CR.

Court of Appeals of Texas, Tyler.

July 31, 1996.

Frank R. Hughes, Crosby, for appellant.

C. Patrice Savage, William M. Jennings, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

A jury found Appellant, Oscar Menefee, Jr., guilty of possession of a controlled substance (cocaine) with intent to deliver. After Appellant pleaded "true" to two prior felony offenses alleged for enhancement, the jury assessed his punishment at 99 years' imprisonment. Appellant assigns six points of error. We will affirm in part and reverse in part, remanding for **a new trial as to punishment only.**

On May 6, 1993, the Gregg County Organized Drug Enforcement Unit obtained a search warrant authorizing a search of Appellant's business, Menefee Automotive & Detail, for narcotics. The officers appeared at approximately 6:45 p.m. to perform the search. The premises consisted of an old filling station with service bays, an office, and a storage area. Appellant and Debra Washington were present when the officers arrived. Upon searching Appellant, officers found an Eckerd's bag containing approximately sixteen grams of cocaine inside Appellant's shirt pocket. In an unlocked desk drawer in the front area, officers found five more grams of cocaine. Officers also found $1,294.00 in cash on top of the desk and in Appellant's vehicle. A loaded .22 calibre pistol was inside a locked drawer of a cabinet in the storage area.

■ In his first point of error, Appellant contends the court abused its discretion when it admitted into evidence the pistol found at Appellant's business. Appellant objected that the danger of unfair prejudice from evidence of the pistol substantially outweighed the probative value of the evidence. We disagree.

■ "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." TEX.R.CRIM.EVID. 403. Virtually all evidence proffered by the prosecution in a criminal case will be prejudicial to the defendant. *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex.Cr.App.1990). "It is only unfair prejudice that provides a basis for the exclusion of relevant evidence." *Id.* The trial court should consider the inherent probativeness and strength of the evidence to show the defendant committed the crime, the evidence's impression on the jury, and finally, the trial time required to develop the evidence. *Montgomery,* 810 S.W.2d at 389. On appeal, a reviewing court will only reverse a judge's ruling on a Rule 403 objection for a clear abuse of discretion. *Matamoros v. State,* 901 S.W.2d 470, 476 (Tex.Cr.App. 1995).

The presence of a pistol at Appellant's business was highly probative evidence of whether Appellant was conducting a drug operation. Appellant was charged with possession of a controlled substance with intent to deliver. There was testimony at trial that drug dealers regularly kept guns for protection, to use against police, and to keep themselves from being robbed. The State contended Appellant was conducting his drug operation from his business. Appellant's possession of a pistol at his business tended to show Appellant was a drug dealer. Finally, the State took very little trial time to put on evidence of the pistol. On the other hand, there was little prejudice caused to Appellant by introduction of the pistol. Mere possession of a pistol at a place of business is not a criminal offense. Neither does such possession standing alone show any bad act. The trial court properly balanced the probative value and prejudicial effect of the evidence. We therefore overrule Appellant's first point of error.

■ In his second point of error, Appellant alleges the trial court abused its discretion in admitting certified copies of judgments of prior convictions. The indictment in the present case alleged two prior offenses for enhancement purposes (the "enhancement offenses"). Appellant pleaded true to the enhancement paragraphs of the indictment and made no objection to the introduction of the pen packets for the enhancement offenses. During the punishment phase of the trial, the State offered certified copies of two prior judgments that were different from

the enhancement offenses. Appellant objected that the certified copies of judgments were not the "best evidence," arguing that the proper evidence would be to bring in an individual who could positively identify Appellant as the individual who was named in the documents. We agree with Appellant that the State was required to offer some evidence to prove that Appellant was the same person named in the judgments.

■ A party complaining of the admission of evidence must timely object to the admission of such evidence, stating the specific ground of objection, if the specific ground of objection was not apparent from the context. TEX.R.CRIM.EVID. 103(a)(1). An objection that evidence is not the "best evidence" asserts that a copy or reproduction of a writing, recording, or photograph is inadequate and should be replaced by the original. TEX. R.CRIM.EVID. 1002. Certified copies of court judgments are the best evidence and are admissible to prove prior convictions. *Gonzales v. State*, 831 S.W.2d 491, 493 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). Appellant objected to the admission of certified copies of prior judgments because the certified copies were not the "best evidence" of the judgments. This objection is without merit. However, Appellant further stated that "the proper evidence would be to bring in an individual who could positively identify Mr. Menefee as the individual who is named [in the judgments of prior convictions]." We understand Appellant's objection to be that there was no evidence linking the admission of prior convictions to Appellant, and therefore the evidence was not relevant.

■ Certified copies of a judgment and sentence are admissible. TEX.R.CRIM.EVID. 901(b)(7); *Beck v. State*, 719 S.W.2d 205, 210 (Tex.Cr.App.1986). However, these documents, standing alone, are not sufficient to prove a prior conviction. *Id.* The State must go forward with independent evidence that the defendant is the same person named in the previous conviction. *Id.* Without evi-

dence linking the defendant to the prior conviction, evidence of the prior conviction is simply not relevant. *Rosales v. State*, 867 S.W.2d 70, 72 (Tex.App.—El Paso 1993, no pet.). Fingerprint experts routinely link known fingerprints of defendants with those of the persons named in judgments evidencing prior convictions. *Beck*, 719 S.W.2d at 210. Prior convictions may be also shown by the testimony of a witness who knows the defendant and can personally testify to past convictions. *Id.*[1]

The State offered no evidence linking Appellant to the certified copies of judgments. The fingerprint expert at trial properly identified Appellant as the defendant in the two pen packets representing the enhancement offenses. However, there was no independent testimony identifying Appellant as the defendant in the other causes. The trial court erred in admitting the records of prior offenses without some evidence linking Appellant to the offenses. We sustain Appellant's second point of error.

■ In his third point of error, Appellant claims the trial court abused its discretion when it refused to order the State to reveal the identity of its informant. Appellant alleges that the informant who provided information initially for his search warrant could have provided information on whether Appellant was entrapped.

■ As a general rule, the State has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer conducting an investigation. TEX.R.CRIM.EVID. 508(a). However, a court should order that the State disclose the identity of a confidential informant if the informer may reasonably be able to give testimony necessary to a fair determination of the issues of guilt and innocence. TEX.R.CRIM. EVID. 508(c)(2). "The informer's potential testimony must significantly aid the defendant and mere conjecture or supposition

---

1. The State argues that the jury could identify Appellant by the handwriting samples accompanying the certified copies of prior judgments. However, the Texas Court of Criminal Appeals has held that comparison by the jury of handwriting samples alone, without the aid of expert testimony, is insufficient to establish identity. *Cain v. State*, 468 S.W.2d 856, 859 (Tex.Cr.App. 1971).

about possible relevancy is insufficient." *Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Cr. App.1991). The defendant has the threshold burden of demonstrating that the State must disclose the informer's identity. *Id.* "Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed. The mere filing of a Rule 508 motion is insufficient to obtain a hearing, much less compel disclosure." *Id.* (citations omitted). To determine whether the trial court erred by not requiring the State to disclose its informer's identity, an appellate court must consider all of the circumstances of the case. *Edwards v. State,* 813 S.W.2d 572, 580 (Tex.App.—Dallas 1991, pet. ref'd).

Prior to trial, Appellant filed a motion requesting that the court order the State to disclose the identity of its informant. Appellant stated as grounds for his motion that the informant participated in the commission of the alleged offense, the informant was present at the time of the offense charged, and the informant was a material witness on the issues of Appellant's guilt or innocence and the existence of entrapment. Appellant made only cursory, conclusory allegations in his motion. At the hearing on Appellant's motion, the only testimony was that the arresting officer had personal contact with the informant, that the informant was not present at Appellant's arrest, and that the informant was not found during the search of Appellant's building. Based on this testimony, the trial court did not abuse its discretion in failing to order an *in camera* hearing or in refusing to order the State to disclose the witness' identity.[2] We therefore overrule Appellant's third point of error.

■ In his fourth point of error, Appellant claims the trial court erred in overruling his Motion to Suppress evidence because the justice of the peace that issued the search warrant had no legal authority to issue such warrant. Because the warrant did not specifically allege Appellant's unlawful possession of cocaine or direct the seizure of drugs, Appellant argues that the search warrant authorized an evidentiary search governed by article 18.02(12) of the Texas Code of Criminal Procedure, and not a search for drugs kept, prepared or manufactured in violation of the laws of this state governed by article 18.02(7). We disagree.

A search warrant is a written order issued by a magistrate. Tex.Code Crim.Proc.Ann. art. 18.01(a) (Vernon 1977 & Supp.1996). Within the context of the Code, a justice of the peace is a magistrate. Tex.Code Crim. Proc.Ann. art. 2.09 (Vernon 1977 & Supp. 1996). Justices of the peace are authorized to issue all search warrants, except those search warrants authorizing searches for and seizure of "contraband subject to forfeiture under Chapter 59 of this Code." Tex.Code Crim.Proc.Ann. art. 18.02(12) (Vernon Supp. 1996). Chapter 59 of the Texas Code of Criminal Procedure concerns the forfeiture of contraband and defines contraband as property of any nature that is used or intended to be used in the commission of felonies under the Controlled Substances Act. Tex. Code Crim.Proc.Ann. art. 59.01(2)(B)(i) (Vernon 1996).

■ Notwithstanding the language in article 18.02(12), warrants for the search and seizure of drugs are specifically provided for in article 18.02(7). Article 18.02(7), which authorizes the issuance of a warrant for "drugs kept, prepared, or manufactured in violation of the laws of this state," does not

---

**2.** At the hearing on his motion for new trial, Appellant presented additional evidence regarding his motion to disclose the informant's identity. A police officer, Officer Ganong, had Appellant's building under surveillance for an extended period of time prior to the execution of the warrant. Ganong testified that he did not see the informant enter or leave Appellant's building. He further testified that he believed he would have seen anyone enter or leave Appellant's building during the period of surveillance. Ganong also stated it was possi-

ble, but not probable, that someone could have entered the building without his knowledge. Another officer testified that the confidential informant had been paid for information. We do not decide whether the evidence presented to the trial court at the motion for new trial was untimely. In the interest of justice, we have considered the additional evidence, but do not determine that the trial court abused its discretion in not ordering an *in camera* hearing or ordering the State to disclose the identity of the informant.

require that the warrant contain a conclusory statement that the drugs kept were illegal. *Mason v. State,* 838 S.W.2d 657, 660 (Tex. App.—Corpus Christi 1992, pet. ref'd) (holding that warrant for search and seizure of "the following described personal property, to-wit: unknown quantity of Controlled Substance believed to be Methamphetamine" was properly issued by justice of the peace as warrant for "drugs kept, prepared, or manufactured in violation of the laws of this state").

In the present case, the warrant stated, in pertinent part:

> It is the belief of Affiant, and Affiant hereby charges and accuses that said suspected party intentionally and knowingly has possession of and is concealing at said suspected place the following described personal property against the laws of the State of Texas, to-wit: A quantity of cocaine kept in violation of the Texas Controlled Substance Act.

The trial court did not err in refusing to exclude the evidence obtained pursuant to the search warrant. Article 18.02(7) does not require a warrant to use the term "drug" or "in violation of the laws of this state." The warrant for search of Appellant's premises and the seizure of "cocaine kept in violation of the Texas Controlled Substance Act" is clearly a search for "drugs kept, prepared, or manufactured in violation of the laws of this state." The requirements applicable to "contraband" or "evidentiary" search warrants are not applicable to this warrant. Therefore, the justice of the peace could properly issue the warrant in this case. We overrule Appellant's fourth point of error.

■ In his fifth point of error, Appellant alleges that the trial court abused its discretion in admitting the cocaine over his challenge to the chain of custody. Specifically, Appellant states that the court should assume the cocaine was tampered with because more than one officer handled the cocaine before transferring it to Tyler and because the cocaine was not in the same condition at trial as it was when seized. We disagree.

■ "Generally, tagging an item of physical evidence at the time of its seizure and then identifying the item at trial based upon the tag is sufficient for admission barring any showing by the defendant of tampering or alteration." *Sneed v. State,* 875 S.W.2d 792, 794 (Tex.App.—Fort Worth 1994, no pet.). "If a substance is properly identified, most questions concerning care and custody go to the weight given the evidence and not to its admissibility, absent a showing that the substance was tampered with or changed." *Alvarez v. State,* 857 S.W.2d 143, 147 (Tex.App.—Corpus Christi 1993, pet. ref'd). Once testimony establishes the chain of custody into the laboratory, any further objection goes to the weight of the evidence, rather than its admissibility. *Medellin v. State,* 617 S.W.2d 229, 232 (Tex.Cr. App.1981). It is permissible for one officer to retrieve evidence from a defendant, hand the evidence to a second officer, and for both officers to testify as to the chain of custody. *Sneed,* 875 S.W.2d at 794.

At trial, Officer Wilson testified that, in the process of searching Appellant, he located a bag of crack cocaine in Appellant's shirt pocket. Wilson left the cocaine for Officer Gage to handle. Gage testified that he found additional crack cocaine in a desk at Appellant's business. Gage further testified that he collected both bags of cocaine, sealed and tagged them, and deposited them in the evidence locker. Additionally, both Wilson and Gage identified the exhibits at trial as being the same that they retrieved from Appellant at his arrest. Both officers also testified that the pieces of cocaine were more "broken up" at trial than when seized, but that such breaking often occurs during the laboratory's handling of the drug. Deputy Melanie Thompson testified that she removed the bags from the evidence locker, initialed them, placed the date on them, and transported them to the lab in Tyler. Karen Shumate, a chemist with the lab testified that she received the evidence from Deputy Thompson. The evidence was determined to contain cocaine. There was no testimony regarding tampering or alteration of the evidence. The evidence showed that the chain of custody of the controlled substance was intact up until its identification was ascertained in the labo-

ratory. We overrule Appellant's fifth point of error.

■ In his sixth point of error, Appellant complains that his criminal trial was barred by the double jeopardy clauses of the United States and Texas constitutions. Prior to Appellant's criminal trial, the trial court rendered judgment forfeiting $1,294.00 to the State. This forfeiture action alleged the criminal facts set out above. Appellant alleges that the forfeiture judgment was "punishment" within the meaning of the Fifth Amendment of the United States Constitution and article I, section 14 of the Texas Constitution, and therefore, Appellant's subsequent criminal prosecution constituted double jeopardy. We disagree.

■ The Double Jeopardy Clause of the United States Constitution protects against multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Forfeiture of seized property, by itself, does not implicate the double jeopardy clause. *Johnson v. State*, 882 S.W.2d 17, 20 (Tex.App.—Houston [1st Dist.] 1994, pet. granted). To constitute double jeopardy, the forfeiture must be overwhelmingly disproportionate to the damages Appellant caused the State. *Id.* (quoting *United States v. Halper*, 490 U.S. at 449, 109 S.Ct. at 1902). A civil forfeiture proceeding and corresponding criminal action do not automatically subject a defendant to double jeopardy. *Walker v. State*, 828 S.W.2d 485, 490 (Tex.App.—Dallas 1992, pet. ref'd). A criminal conviction can violate a defendant's protection against multiple punishments if the civil penalty is so extreme that it subjects the offender to a sanction overwhelmingly disproportionate to the damage caused. *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902; *Walker*, 828 S.W.2d at 490.[3]

In the present case, the record is devoid of any request to the trial court to hold a hearing to determine if there was a rational relationship between the cost to the State for investigating and prosecuting Appellant and the value received in the forfeiture proceeding. Similarly, Appellant presented no evidence demonstrating that his forfeiture was disproportionate to the State's loss. Therefore, Appellant has failed to carry his burden of proving this forfeiture was punishment. We overrule Appellant's sixth point of error.

■ When an appellate court determines that a trial court committed error, the error is reversible unless the reviewing court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *Harris v. State*, 790 S.W.2d 568, 584 (Tex.Cr.App.1989).

We cannot say that the admission of the two judgments of prior offenses during the punishment phase did not contribute to Appellant's punishment. We have sustained Appellant's second point of error regarding the trial court's error in admitting certified copies of judgments without evidence demonstrating that Appellant was the defendant in those cases. The jury was able to consider these additional offenses in deciding Appellant's punishment. The permissible punishment range for Appellant's offense was 25 to 99 years. The jury assessed Appellant's

---

3. Appellant asks us to adopt the reasoning of *Fant v. State*, 881 S.W.2d 830 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (holding that, in a drug case forfeiture, the prior civil forfeiture judgment was a bar to further prosecution as being in violation of the double jeopardy clauses of both the United States and State of Texas Constitutions). We decline to adopt the rationale or holding in *Fant*. *Fant* was a forfeiture case and the forfeiture was based on chapter 59 of the Texas Code of Criminal Procedure. However, *Fant* mistakenly relies upon *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) and *Ex parte Camara*, 893 S.W.2d 553 (Tex.App.—Corpus Christi 1994, no pet.). Both *Kurth Ranch* and *Camara* considered taxation statutes, not forfeiture statutes, for their multiple punishment effect. We therefore consider such cases to be inapposite to the present situation. We also note that the Supreme Court recently clarified its opinions in *Halper* and *Kurth Ranch*. *United States v. Ursery*, —— U.S. ——, ——, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996) (holding that *in rem* civil forfeiture conducted pursuant to federal forfeiture statute was neither punishment nor criminal for purposes of double jeopardy). We are joined by other courts of appeals in refusing to adopt *Fant*. *See, e.g., Johnson v. State*, 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994, pet. granted); *Walker v. State*, 828 S.W.2d 485 (Tex.App.—Dallas 1992, pet. ref'd); *Ex parte Rogers*, 804 S.W.2d 945 (Tex.App.—Dallas 1990, pet. ref'd).

punishment at 99 years' imprisonment. We therefore reverse the judgment of the trial court with **regard to punishment and remand the cause to the trial court for a new trial as to punishment only.** The remainder of the trial court's judgment is **affirmed.**