# NO. 12-13-00062-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALEXIS MINEX,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Alexis Minex appeals the revocation of his community supervision, following which he was sentenced to imprisonment for eight years. In his sole issue, Appellant argues that the trial court relied on inadmissible hearsay evidence in revoking his community supervision, and that the evidence also violated his confrontation rights. We affirm.

### BACKGROUND

In 2007, Appellant was convicted for felony possession of a controlled substance. In November 2010, Appellant was arrested for unlawful possession of a firearm by a convicted felon. In February 2011, pursuant to a negotiated plea agreement, Appellant pleaded guilty to the charged offense. The trial court accepted Appellant's plea, found him guilty, and in accordance with the agreement, suspended his sentence for a five year community supervision period in Houston County.

Between 2011 and 2013, the State filed a motion to revoke Appellant's community supervision and two amended motions. In its second amended motion, the State alleged that Appellant violated the terms of his community supervision in several respects. Specifically, the State alleged that Appellant committed another offense in Harris County while subject to community supervision, and that he failed to report to his community supervision officer, notify

the officer of his change of address, complete his community service requirements, and pay various fees associated with his community supervision.

At the hearing, Melanie Goolsby, the Houston County Probation Department transfer officer, testified that Appellant wished to relocate and transfer his community supervision from Houston County to Harris County. Goolsby stated that she supervised the transfer. The trial court allowed Goolsby to testify as to statements made by officers at the Harris County Community Supervision Department over defense counsel's hearsay objections. Goolsby testified that someone from Harris County informed her that Appellant's transfer was rejected because he twice failed to report for orientation. Goolsby also testified that she received written notice from Harris County denying the transfer. She further stated that after his transfer was denied, Appellant failed to report to the Houston County Probation Department. Finally, Goolsby stated that Appellant had not performed any of his community service hours, and was in arrears in paying the various fees associated with his community supervision.

During the hearing, the trial court also admitted into evidence a certified judgment of conviction against Appellant from Harris County. The judgment showed that Appellant was convicted of possession of a controlled substance in July 2011, which was a violation of the terms of his community supervision.

Ultimately, the trial court found the allegations in the State's motion to be true except those allegations regarding his failure to pay fees related to his community supervision.[1] Consequently, the trial court revoked Appellant's community supervision and sentenced him to eight years of imprisonment. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In his sole issue, Appellant argues that the trial court relied on inadmissible hearsay evidence in revoking his community supervision, that the admission of the testimony violated his constitutional confrontation rights, and that without the hearsay, the evidence is insufficient to support the revocation.

---

[1] We note that the trial court predicated its findings of "true" on the failure to report and failure to complete community service hours in Houston County after the Harris County transfer was rejected. In other words, the trial court found that the State failed to prove what occurred in Harris County, and that it was not relying on the alleged hearsay in making its findings.

## Standard of Review

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A single, sufficient ground for revocation will support a trial court's judgment revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978). A trial court's order revoking community supervision will be affirmed if an appellant does not challenge all of the grounds upon which the trial court revoked community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The revocation of Appellant's community supervision is justified on the grounds not challenged on appeal. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); *Moore*, 605 S.W.2d at 926.

## Applicable Law

The state is required to prove the allegations in a motion to revoke, including the allegation that the defendant committed a new offense while on community supervision, by a preponderance of the evidence. *See Miles v. State*, 343 S.W.3d 908, 913 (Tex. App.—Fort Worth 2011, no pet.).

To establish that a defendant has been convicted of a prior offense, the state must prove that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Certified copies of a judgment and sentence are admissible, but these documents, standing alone, are not sufficient to prove a prior conviction. *See* TEX. R. EVID. 902(4); *Menefee v. State*, 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no pet.). The state must go forward with independent evidence that the defendant is the same person named in the previous conviction. *Menefee*, 928 S.W.2d at 278; *see also Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App.—Tyler 1993, no pet.). Proof that the defendant merely has the same name as the person previously convicted is not sufficient, by itself, to satisfy the state's burden. *Benton v. State*, 336 S.W.3d 355, 357 (Tex. App.—Texarkana 2011, pet. ref'd). Without evidence linking the defendant to the prior conviction, evidence of the prior conviction by judgment alone is simply not relevant. *Id.; see also Garcia v. State*, 930 S.W.2d 621, 624 (Tex. App.—Tyler 1996, no pet.).

Courts recognize several methods of linking the defendant to the prior offense. *See, e.g., Beck v. State*, 719 S.W.2d 205, 209–10 (Tex. Crim. App. 1986); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd). Whether the state has presented evidence

linking a defendant to a prior conviction is determined on a case-by-case basis. ***Human v. State***, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988) (op. on reh'g). The trier of fact considers the totality of the evidence in making this determination. ***Flowers***, 220 S.W.3d at 923. A sufficient nexus between the defendant and a prior conviction may be shown through circumstantial evidence. ***Human***, 749 S.W.2d at 835–36, 839.

The connecting evidence often "resembles pieces of a jigsaw puzzle." ***Id.*** at 835–36. The "trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece" and "determines if these pieces fit together sufficiently to complete the puzzle." ***Flowers***, 220 S.W.3d at 923. "The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions." ***Human***, 749 S.W.2d at 836.

## Discussion

Appellant contends that the trial court impermissibly relied on Goolsby's hearsay testimony concerning what the Harris County officials told her about Appellant's community supervision transfer. Appellant also contends for the first time in his brief that this evidence violated his confrontation rights. The record does not support Appellant's contention. The trial court judge made clear that he was not relying on that evidence when he said, "I'll just tell you, I agree with [defense counsel] that [the State] did not prove sufficiently what he did or didn't do in Harris County." The trial court went on to find that Appellant failed to report in Houston County and failed to complete his community service. Thus, it is clear that the trial court was referring to Appellant's failure to report and perform community service in Houston County after the Harris County transfer was denied, and that the trial court disregarded the evidence of which Appellant complains.

Appellant has not challenged the trial court's findings that he failed to report in Houston County and to perform community service in Houston County after the transfer was denied. Consequently, we presume that the trial court properly revoked Appellant's community supervision on those grounds. *See* ***O'Neal***, 623 S.W.2d at 661; ***Moore***, 605 S.W.2d at 926.

Similarly, Appellant has not challenged the trial court's finding that he committed a new offense while he was subject to community supervision. Because Appellant does not challenge that finding, the trial court's order revoking community supervision is separately justified on that ground as well. *See* ***id.*** The State presented evidence that Appellant committed the offense of

4

possession of a controlled substance during his community supervision period. At the hearing, the trial court admitted a certified judgment from Harris County showing that Appellant committed the offense in question. Appellant was known to frequent Harris County, the place of the conviction. The names on both judgments (the 2011 Houston County judgment and the Harris County judgment) match Appellant's name, and his name is not a common one. Also, the unique state identification number is the same on both judgments. These facts demonstrate that the trial court acted within its discretion in finding, by a preponderance of the evidence, that Appellant is the person named in the Harris County judgment. *See Miles*, 343 S.W.3d at 913-14 (holding that state sufficiently proved defendant's identity for new offense by required preponderance of evidence standard in community supervision revocation proceeding).

We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered November 6, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 6, 2013**

**NO. 12-13-00062-CR**

**ALEXIS MINEX,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 11CR-010)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*