**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00320-CR**
**NO. 09-21-00322-CR**
**NO. 09-21-00323-CR**
**NO. 09-21-00324-CR**

_____

**LLOYD MORGANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 19-02-01628-CR, 19-02-01630-CR, 19-02-01631-CR and**
**19-02-01632-CR**

**MEMORANDUM OPINION**

Appellant pleaded "guilty" to four counts of possession or promotion of child pornography. Tex. Penal Code Ann. § 43.26(a). He was sentenced to two consecutive four-year prison terms and two concurrent ten-year terms of community supervision. In a single appellate point, Appellant contends the trial court abused its

1

discretion in excluding the recording of his interview with law enforcement authorities. Finding no reversible error, we affirm the trial court's judgments.

## I. Background

Appellant admitted to possessing and viewing multiple pornographic images of children, but during the trial, he attempted to reduce the gravity of his behavior by disputing Detective Fruchtnicht's characterization of the statement he gave to authorities. We summarize the testimony relevant to Appellant's issues below.

## 1. Detective Fruchtnicht's Testimony

Detective Max Fruchtnicht, an employee of the Montgomery County Sheriff's Office, described his background and experience in law enforcement. When the trial occurred, he was assigned to the Special Victims Unit, tasked with investigating complaints of child abuse, sexual offenses against children, and claims alleging similar crimes.

On the day of Appellant's arrest, Fruchtnicht interviewed Appellant at the Sheriff's Office. Fruchtnicht recalled that although Appellant initially denied having viewed child pornography on his computer, he admitted it after seeing a signed search warrant and understanding that his electronic devices would be searched.

Early in Fruchtnicht's testimony, Appellant objected, noting that the recording, itself, was the best evidence of his interview. The trial court, however, overruled the objection. When Fruchtnicht's testimony continued, during which the

2

Detective covered Appellant's longtime addiction to child pornography, Appellant neither renewed his objection, nor requested that the trial court grant him a running objection. Later in the trial, Appellant attempted to introduce into evidence the entirety of his interview without editing the recording to remove inadmissible material or lengthy gaps in the recording of the interview. The trial court did not admit the recording, and Appellant did not make an offer of proof or object.

## 2. Appellant's Testimony

Appellant testified that he had been downloading child pornography for approximately six or seven years, disputing Fruchtnicht's testimony that Appellant had been downloading child pornography for about twenty years. He further denied masturbating while viewing these images as Fruchtnicht claimed he said during his interview, explaining "[i]t wasn't anything sexual." In addition, Appellant denied having told the investigating detectives that he collected child pornography, and also denied stating that he preferred certain types of images, particularly those with a "back story[.]"

## 3. Additional Testimony

The jury also heard testimony explaining how Appellant came to be apprehended, and how computer forensics experts identified the pornographic material on Appellant's electronic devices. Appellant's wife, children, and children's childhood friends testified that Appellant always gave the impression of

being a normal father, and that they never thought Appellant had the potential to abuse a child. For that reason, Appellant's son asked the jury to sentence Appellant to probation.

The jury also was shown the four specific images relevant to the indictment on which Appellant's conviction is based.

## II. Standard of Review

We review a trial court's decision admitting evidence in the punishment phase of a trial under an abuse-of-discretion standard. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). We will not disturb the trial court's evidentiary rulings absent an abuse of discretion. *Beham*, 559 S.W.3d at 478; *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007). A trial court abuses its discretion only if its decision lies outside the "'zone of reasonable disagreement.'" *Beham*, 559 S.W.3d at 478; *Davis*, 329 S.W.3d at 803. If a trial court's evidentiary ruling is correct on any applicable theory of law, we uphold that decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

A trial court's erroneous admission of evidence is non-constitutional error subject to a harm analysis pursuant to Texas Rule of Appellate Procedure 44.2(b). *See* Tex. R. App. P. 44.2(b); *see also Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). Unless non-constitutional error affects the substantial rights

4

of the defendant, we must disregard it. *See Taylor*, 268 S.W.3d at 592; *see also* Tex. R. App. P. 44.2(b). A proper harm analysis must consider unchallenged evidence that proves the same fact as the challenged evidence. *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998) (improper admission of evidence is not reversible if the same facts are shown by other evidence which is unchallenged). "[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling." *Id.* at 718.

### III. Analysis

In order to complain on appeal of the trial court's evidentiary rulings, Appellant was required to lodge a timely and specific objection to the evidence in question. *See* Tex. R. App. P. 33.1(a); *Enlow v. State,* 46 S.W.3d 340, 346 (Tex. App.—Texarkana 2001, pet ref'd) (per curiam). Moreover, he needed to reurge his objection each time the State presented the material he complains about on appeal in the trial. *See Hinton v. State,* No. 09-19-00134-CR, 2021 WL 194916, at *5 (Tex. App.—Beaumont Jan. 20, 2021, no pet.) (mem. op.). Although Appellant did object when the State initially elicited Fruchtnicht's testimony about Appellant's interview, Appellant did not object to Fruchtnicht's remaining testimony, which concerned the same or similar statements Fruchtnicht said Appellant made during his interview.

For that reason, Appellant failed to preserve his complaint about the alleged erroneous admission of Fruchtnicht's testimony on the same subject. *Id.*

During the trial, the Appellant also objected based on the best evidence rule. *See* Tex. R. Evid. 1002. But "[a]n objection that evidence is not the 'best evidence' asserts that a copy or reproduction of a writing, recording, or photograph is inadequate and should be replaced by the original" and that was not the gist of Appellant's objection, so the trial court was correct to overrule it. *Menefee v. State*, 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no pet.); *see also Sharp v. State*, 707 S.W.2d 611, 618 (Tex. Crim. App. 1986) (noting that "[t]he best evidence rule does not apply when the item in question is not admitted into evidence to prove its contents.")

When Appellant later attempted to introduce a recording of his interview into evidence, he failed to properly preserve his appellate complaint by failing to make an offer of proof of what is in the recording. *See* Tex. R. Evid. 103(a)(2). We therefore have nothing to review and are unable to determine whether the trial court's ruling excluding the recording was erroneous or harmful. *See Reyna v. State,* 168 S.W.3d 173, 176-77 (Tex. Crim. App. 2005); *Garrett v. State*, No. 08-19-00024-CR, 2020 WL 4381609, at *4 (Tex. App.—El Paso July 31, 2020, pet. ref'd) (not designated for publication).

Even had Appellant properly preserved his complaint about the trial court's ruling excluding the recording of the interview, he has not shown the trial court abused its discretion and he has not shown he was harmed. *See* Tex. R. App. P. 44.2(b); *See Davis v. State*, 203 S.W.3d 845, 848-49 (Tex. Crim. App. 2006); *Thorpe v. State*, No. 03-18-00070-CR, 2019 WL 2237883, at \*3 (Tex. App.—Austin May 24, 2019, no pet.) (mem. op., not designated for publication). An abuse of discretion is shown when the trial court's evidentiary ruling "falls outside the 'zone of reasonable disagreement[.]'" *Ellis v. State,* 517 S.W.3d 922, 928 (Tex. App.—Fort Worth 2017, no pet.) (quoting *Mai v. State,* 189 S.W.3d 316, 320 (Tex. App.—Fort Worth 2006, pet. ref'd)). In this case, there can be no realistic question of reasonable disagreement, because the trial court's ruling on Appellant's "best evidence" objection was correct. *See Menefee*, 928 S.W.2d at 278. Additionally, he has not shown that the allegedly erroneous evidentiary ruling resulted in a longer sentence than he would have received had the evidence been admitted. In the case before us, we note that although the State requested the jury to impose a ten-year prison sentence, the jury responded with two four-year terms and two terms of probation. Even considering the trial court's decision to impose consecutive prison sentences, the total eight-year sentence is appreciably less than the maximum sentence sought. We do not view this sentence as an indication of harm, particularly in light of Appellant's failure to present any argument regarding harm resulting from the

7

court's ruling. *See* Tex. R. App. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393-94 (Tex. Crim. App. 2000) (noting that failing to address alleged harm results in waiver due to inadequate briefing). Accordingly, we overrule Appellant's sole point of error.

## IV. Conclusion

Because Appellant failed to preserve his complaint for appellate review, and because he likewise failed to demonstrate either an abuse of discretion or harm from the trial court's evidentiary rulings, we affirm the judgments of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 22, 2022
Opinion Delivered October 19, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.