**Ghent MUNCY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41519.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Eli Ellis, Dumas, for appellant.

William Hunter, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The conviction is for the subsequent offense of driving while intoxicated; the punishment, three years, probated.

█ The evidence sufficiently shows that appellant, Ghent Muncy, was guilty of the offense of driving while intoxicated on November 27, 1965.

To support the prior conviction alleged, the State introduced in evidence certified copies of the complaint, information and judgment in Cause No. 4270 in the County Court of Gray County, wherein Ghent Muncy was convicted on April 11, 1952, of the misdemeanor offense of driving while intoxicated.

█ Officer Exum testified that appellant exhibited his Texas Operator's License No. 0952250 when he was arrested on November 27, 1965, for driving while intoxicated. In order to identify the appellant as the person previously convicted, as alleged in the indictment, the State introduced a certified copy of the Driver's Records of the Texas Department of Public Safety showing that Operator's License No. 0952250 was originally issued to Ghent Muncy on January 6, 1947; his physical description was also shown thereon. This license has been renewed to expire on January 16, 1969. The certificate of said record also included the following:

"Texas Operator's License #0952250 was automatically suspended for a period of six months as authorized in Article 6687b, R.C.S., Section 24, upon conviction for the offense of driving while intoxicated in Cause #4270, County Court, Gray County, Texas."

Appellant did not object to the introduction of this certificate, nor did he testify. Thus there is ample evidence appearing in the record to show that the appellant is the same person convicted on April 11, 1952 in Gray County. 30 Tex.Jur.2d 649, Indictment and Information, Section 64.

Appellant's four grounds of error, all of which relate to his contention that the State failed to show he was the person convicted in the alleged prior conviction in Gray County, are therefore overruled.

Finding no reversible error the judgment of the trial court is affirmed.