Dwight GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–91–00244–CR.

Court of Appeals of Texas,
Tyler.

Nov. 23, 1993.

Donald Killingsworth, Tyler, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

A jury found Appellant guilty of felony driving while intoxicated ("DWI") and assessed his punishment at confinement in the Smith County Jail for two years.

At trial, the arresting officer testified that he received information from a person who thought the driver of a car was intoxicated because he was driving all over the road. The officer followed the car and stopped it after observing it swerve out of its lane of travel. Appellant was the driver of the vehicle. The officer smelled the strong odor of an alcoholic beverage about Appellant. Appellant's speech was slurred, and the officer noticed an open beer cooler. Some of the sixteen (16) beer cans in the cooler were empty, but cool to the touch as if they had only recently been consumed. The officer administered several field sobriety tests to Appellant. First, the officer tested Appellant's balance by asking him to stand on a level surface with his feet together, his eyes closed, his arms outstretched, with the palms of hands turned upward. Appellant swayed from side to side during this test. Then Appellant was asked to stand on one foot with his arms at his side while he counted to 30. Appellant lost his balance after 15 seconds. Appellant also failed to walk a line without losing his balance. Finally, Officer Linderman administered a horizontal gaze nystagmus test to Appellant. Officer Linderman testified that Appellant's eyes jerked all during the time they followed his moving pen during the test, a common sign of intoxication.

Sergeant Danny Brown testified that he believed Appellant was intoxicated at the time the video recording was made of Appellant after his arrest. Sergeant Brown said that Appellant did not respond normally to the questions required to be asked of him. He testified that Appellant's movements were so slow that it appeared that everything Appellant did was in slow motion. The prosecution introduced the video tape into evidence. Appellant refused to take a breath test.

■ In his first point of error, Appellant urges that his conviction should be reversed, because there was insufficient evidence to convict him of DWI as alleged in the indictment. The indictment alleged that Appellant had lost the normal use of his mental and physical faculties by reason of the introduction of alcohol into his body. Appellant argues that the evidence fails to exclude the reasonable hypothesis that Appellant's problem with his balance was due to fatigue, natural at the late hour when he was stopped. However, we conclude that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). Appellant's first point is overruled.

In his points of error, 2, 2a, 3, 3a, 4, and 4a, Appellant contends that the trial court reversibly erred in admitting into evidence State's Exhibits three, four, and five.

Through Tracy Tullis, Deputy Custodian of Records for the Department of Public Safety ("DPS"), the State sought to introduce the challenged exhibits into evidence in order to show two prior convictions necessary to prove felony DWI. Exhibit No. 3 purports to be the driving record of Dwight W. Griffin maintained by the DPS. Exhibit Nos. 4 and 5 are copies of judgments showing prior DWI convictions of Dwight W. Griffin. The trial court admitted each of the exhibits over various objections by Appellant. On appeal, Appellant urges that the exhibits are inadmissible hearsay, that there was no proper predicate laid for their introduction, and that there was no showing that Appellant was the person named in the documents. In his fifth point of error, Appellant maintains that there is insufficient evidence that he was twice previously convicted of DWI as alleged in the indictment.

The State argues that Appellant's contentions on appeal differ from his objections raised at trial and therefore preserved nothing for review, that the evidence was admissible in any case, and, if not, the same matters were proven by admissible evidence.

In an effort to prove prior convictions, the State introduced the driving record of Dwight W. Griffin. Except for the similarity of names, there was no other evidence that this was Appellant's driving record. The driving record showed compulsory education required on a date and docket number corresponding to the conviction shown by the judgment admitted as State's Exhibit No. 4. It also showed another conviction for DWI of Dwight W. Griffin on the same date, from the same court and with the same docket number as the conviction evidenced by State's Exhibit No. 5. There was no other showing that Appellant was the Dwight W. Griffin named in the prior judgments.

Even if the name on the judgment or other document is the same as that of the defendant on trial, it is incumbent on the State to go forward and show by other independent evidence that the defendant is the same person previously convicted. *Beck v. State,* 719 S.W.2d 205, 210 (Tex.Cr.App.1986); *Elizalde v. State,* 507 S.W.2d 749, 753 (Tex. Cr.App.1974); *Vessels v. State,* 432 S.W.2d 108, 117 (Tex.Cr.App.1968). While not the exclusive method, this is accomplished in most cases by identifying known fingerprints of the defendant with those of the person named in the judgment evidencing a prior conviction. *Beck,* 719 S.W.2d at 210. A prior conviction may be shown by the testimony of a witness who knows the defendant and can personally testify to the past conviction, or by the judicial admissions of the defendant himself. *Id.* Therefore, even if it be conceded the trial court properly admitted the challenged State's exhibits, standing alone, they are insufficient to prove the prior convictions. There is evidence that all three exhibits pertain to the same person, but there is insufficient independent evidence that they are prior convictions of Appellant.

In *Muncy v. State,* 432 S.W.2d 909 (Tex. Cr.App.1968), the appellant exhibited his driver's license when he was arrested for DWI. At trial, the State proved Muncy's prior DWI convictions by a certified copy of the driving record with the number and name corresponding to the number and name on the license the appellant gave the police when he was stopped.[1] This constituted independent evidence that the defendant was the person whose driving record the State introduced. However, in the instant case, Appellant gave no driver's license when he was arrested. Therefore, the independent evidence presented connecting the defendant to the driving record in *Muncy* is absent in our case. Appellant's fifth point of error is *sustained.*

By finding Appellant guilty of felony DWI, the jury necessarily found Appellant guilty of misdemeanor DWI. The proof is sufficient to sustain a conviction for the lesser-included offense, and the court's charge authorized a conviction for the lesser offense.

---

1. *But see, Gentile v. State,* 848 S.W.2d 359 (Tex. App.—Austin 1993, n.p.h.) (DWI driving record standing alone is insufficient proof of convictions shown therein).

The judgment of the District Court is *reformed* to show a conviction for driving while intoxicated, first offense. *See Bigley v. State,* 865 S.W.2d 26 (Tex.Cr.App.1993). We *reverse* that portion of the judgment assessing punishment and *remand* the case for a new trial as to punishment. TEX.CODE CRIM. PROC.ANN. art. 44.29(b) (Vernon Supp.1993).