In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00024-CR
_____

**WILLIAM WALTER JOBE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-12-13632 CR**

**MEMORANDUM OPINION**

William Walter Jobe appeals his conviction for the felony offense of driving while intoxicated. Jobe argues the evidence is legally insufficient to link him to a prior judgment. He also argues the trial court abused its discretion in overruling a hearsay objection. We conclude that the evidence is legally sufficient, and that the asserted hearsay error does not support a reversal. We affirm the trial court's judgment.

Officer White saw a vehicle cross the double-yellow line into the opposite lane of travel, drift back to the correct lane, then cross the white fog line. White turned on his

1

emergency lights. The driver stopped his vehicle, but "right in the lane of travel" "blocking the lane of travel."

White saw Jobe was slouched in the driver's seat with an open beer container between his legs. White smelled a strong order of alcohol. He asked Jobe for his driver's license and insurance. Jobe handed him his debit card. Jobe slurred his words. His eyes were red and glassy. White assisted Jobe in shifting the vehicle into park.

White asked Jobe to get out of the vehicle. He complied, but had to use the car for support. Two other deputies on the scene also helped Jobe continue to stand. After White moved Jobe to a safe location, he asked Jobe if he would submit to a standardized field sobriety test. Jobe responded by dropping to his knees. He explained that he was having an allergic reaction "to police."

White placed Jobe under arrest and called EMS to examine him. EMS found nothing medically wrong with Jobe. White took him to jail. He found a half-empty bottle of whiskey and an empty Carisoprodol prescription bottle in the vehicle.

Jobe's first issue challenges the proof linking him to a prior judgment of conviction for driving while intoxicated. The prior conviction was used to indict him for felony DWI. He argues that the prior judgment did not have a fingerprint of sufficient quality to use for identification purposes, that the State's expert was unable to link the fingerprint to Jobe, and that documents attached to the judgment did not contain

2

sufficient identifiers. Jobe argues that because the evidence is legally insufficient to link one of the prior judgments to him, he should have been charged with a misdemeanor.

A person may be charged with felony DWI if he has two previous convictions for DWI. Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2012). In a felony DWI, the two prior DWI offenses are necessary elements of the offense of felony DWI; they are jurisdictional allegations. *See Martin v. State*, 200 S.W.3d 635, 640-41 (Tex. Crim. App. 2006). To obtain a conviction for felony DWI, the State must prove the two prior DWI convictions at the guilt-innocence stage of trial. *See id.*; *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd). The State may prove a prior conviction in a number of different ways, including documentary proof that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Flowers v. State*, 220 S.W.3d 919, 921-23 (Tex. Crim. App. 2007) ("The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece.").

A driving record for "William Walter Jobe" was admitted in evidence. The certified driving record includes Jobe's date of birth and driver's license number. The trial court also admitted a 1988 certified judgment for "William Walter Jobe" for driving while intoxicated. The 1988 conviction is reflected in the driving record, which includes the same date, cause number, offense, and county for the conviction. A fingerprint card with Jobe's fingerprints was obtained the day of trial; the card was admitted into evidence

3

without objection. A fingerprint expert testified that the fingerprint on the card is the same as the fingerprint on the 1988 judgment. Jobe does not challenge the sufficiency of the links to the 1988 conviction.

Jobe challenges the sufficiency of the evidence linking Jobe to the second conviction. The trial court admitted a 1989 certified order and a 1991 judgment in the same cause number revoking probation and imposing sentence on "William Jobe" for driving while intoxicated in Liberty County. A fingerprint expert testified she was not able to compare the fingerprint from the order, because the fingerprint lacked sufficient quality or clarity. She explained that although she could not compare the fingerprints, the driving record for William Walter Jobe included a notation for a conviction for driving while intoxicated from Liberty County on the same date and with the same cause number.

Jobe relies on *Flowers*, *Williams*, and *Griffin* in support of his argument that the evidence is insufficient to link him to the second DWI conviction. *See Flowers*, 220 S.W.3d at 921-25; *Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.); *Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App.—Tyler 1993, no pet.). He acknowledges that the Court of Criminal Appeals held in *Flowers* that printouts on prior offenses from the county of conviction, along with the defendant's DPS driving record, are sufficient to prove the link. Nevertheless, he argues that the judgment was not produced by the Liberty County Clerk but was instead a document filed with the clerk.

4

Jobe relies on *Williams* in arguing that when certified judgments and driving records are admitted to link the defendant to prior convictions, photographic evidence is necessary to prove the indentifying link. The Waco Court of Appeals in *Williams* noted that photographic evidence could have been considered in proving the identifying link. *See Williams*, 946 S.W.2d at 895. We do not read the opinion as requiring photographic evidence when a defendant's certified driving record and prior judgments are admitted into evidence. *See id*.; *see also Spaulding v. State*, 896 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

Jobe notes there is no testimony that the defendant in the prior conviction is the defendant on trial, no comparison of defendant's signatures, no comparison of photographs with defendant's appearance at trial, and no fingerprint link. But the Court of Criminal Appeals has held that no specific document or mode of proof is required to link a prior conviction to the defendant. *See Flowers*, 220 S.W.3d at 921.

Jobe argues that his case is like *Griffin*. There, the State introduced judgments of conviction for prior offenses but did not present fingerprint evidence showing that the defendant was the same person convicted in the prior judgments. 866 S.W.2d at 756. To establish the link between the prior offenses and the defendant, the State introduced the defendant's driving record. *Id*. Except for similar names, no other evidence in the documents proved that the driving record was the defendant's driving record. *Id*. The Tyler Court of Appeals held that because there was no evidence that the person named in

the judgment of conviction and named in the license records was the defendant, the evidence was insufficient for enhancement purposes. *Id.*

Here, unlike in *Griffin*, the State presented fingerprints of the defendant at trial. A fingerprint expert testified that the defendant's fingerprints match the fingerprint on the 1988 conviction. Jobe does not challenge on appeal that he is the same person convicted in that judgment. The driving record admitted contains the same name as the defendant and references the 1988 conviction with the same offense, county, date, and cause number. That same driving record references the 1991 conviction with the same offense, county, date, and cause number as the 1989 order and the 1991 judgment revoking probation and imposing sentence. Similar evidence has been held to be sufficient to link a defendant to a prior conviction through a driving record. *See, e.g., Chamblee v. State*, 376 S.W.2d 757, 757-58 (Tex. Crim. App. 1964). The documentary evidence presented by the State sufficiently links Jobe to the second DWI conviction. *Flowers*, 220 S.W.3d at 922-25. Issue one is overruled.

In his second issue, Jobe complains that the trial court should have sustained his hearsay objection to testimony regarding Jobe's driver's license number. Whether or not the trial court erred, an evidentiary ruling does not constitute reversible error if the same facts are established by other evidence. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). The trial court admitted the 1988 judgment and supporting documents; one of which includes a notation of Jobe's driver's license number. Jobe does not

complain on appeal that the trial court erred in admitting that exhibit. Issue two is overruled. The trial court's judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on April 18, 2012
Opinion Delivered October 10, 2012
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.