# NO. 12-12-00172-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSIE BURKS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jessie Burks appeals his conviction for felony assault involving family violence, for which he was sentenced to imprisonment for forty years.   In one issue, Appellant challenges the sufficiency of the evidence that he had previously been convicted of an assault involving family violence.   We affirm.

### BACKGROUND

Appellant hit his girlfriend in the face, causing her nose to bleed.   A neighbor called the police.   When the police arrived at the scene, Appellant was arrested.

Appellant was charged by indictment with felony assault involving family violence[1] and pleaded "not guilty."   The matter proceeded to a jury trial, after which Appellant was found "guilty" as charged.   Appellant elected for the trial court to determine his punishment. Ultimately, the trial court sentenced Appellant to imprisonment for forty years.   This appeal

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West 2011).   The State alleged that Appellant previously had been convicted of an assaultive offense against a member of his family or household and against a person with whom Appellant has or had a dating relationship.

followed.

In his sole issue, Appellant argues that the evidence is legally insufficient to support that he previously was convicted of an assault involving family violence.

**Standard of Review and Applicable Law**

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In the instant case, the State was required to prove that Appellant (1) intentionally,

knowingly, or recklessly caused bodily injury to a person with whom he had a dating relationship and (2) had previously been convicted of an assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

To establish that a defendant has been convicted of a prior offense, the state must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id*. There are a number of ways to prove a prior conviction, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of the prior conviction and the identity as the person convicted. *Id*. at 921–22.

Certified copies of a judgment and sentence are admissible, but these documents, standing alone, are not sufficient to prove a prior conviction. *See* TEX. R. EVID. 902(4); *Menefee v. State*, 928 S.W.2d 274, 278 (Tex. App.–Tyler 1996, no pet.). The state must go forward with independent evidence that the defendant is the same person named in the previous conviction. *Menefee*, 928 S.W.2d at 278; *see also Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App.–Tyler 1993, no pet.). Proof that the defendant merely has the same name as the person previously convicted is not sufficient to satisfy the prosecutor's burden. *Benton v. State*, 336 S.W.3d 355, 357 (Tex. App.–Texarkana 2011, pet. ref'd). Without evidence linking the defendant to the prior conviction, evidence of the prior conviction is simply not relevant. *Id*.; *see also Garcia v. State*, 930 S.W.2d 621, 624 (Tex. App.–Tyler 1996, no pet.). The most common method of proving that the defendant is the same person previously convicted in a judgment is by identifying known fingerprints of the defendant with those of the person named in the judgment evidencing a prior conviction. *Griffin*, 866 S.W.2d at 756.

**Application**

Here, Appellant contends that the State's proof does not sufficiently establish that he is the defendant convicted in the prior cause. The State attempted to prove Appellant's previous conviction through documentary proof. At trial, through its Exhibit 9, the State introduced certified copies of pleadings and other legal documents pertaining to a person with the same name

3

as Appellant. These documents included a charging instrument evidencing that the charged crime was an assault involving family violence and a judgment revoking community supervision indicating that someone with the name Jessie Burks was convicted of the crime. Through the use of a fingerprint expert, the State linked Appellant to the Jessie Burks on the certificate of thumb print document in Exhibit 9. However, the certificate of thumb print document bears cause number MA069368. Most of the other documents in Exhibit 9, including the charging instrument and the judgment revoking community supervision, bear either cause number MA06-69368 or MA06-69368N. Thus, either a "6" was omitted from the cause number in the certificate of thumb print document or the document is from a different case. Because of this ambiguity, Appellant asserts that the evidence is legally insufficient.

However, the certificate of thumb print document, and consequently Appellant, is linked to the defendant in all of the documents contained in Exhibit 9 by additional facts. The Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment also bears cause number MA069368. That document lists "Jessie Burks" as the defendant, identifies the same court, and lists the offense as assault. That document further shows that "Jessie Burks" pleaded "Nolo Contendere" to the charge. It contains the signatures of both "Jessie Burks" and his attorney. The second page of the document contains various items of the personal information of "Jessie Burks.". For instance, his birth date is listed as September 16, 1973, the first three digits of his social security number are set forth, and he is identified as a "5'9 1/2", 185 lb. black male." The attorney for "Jessie Burks" also is identified.

Documents bearing the other cause numbers also identify that the date of birth of "Jessie Burks" is September 16, 1973. He is identified as a "5'10" black male" weighing "185" pounds. His entire social security number is provided, and the first three digits match the digits contained in the document bearing cause number MA069368. Another document from the same time period bearing cause number MA06-69368-N identifies his attorney as the same individual listed in the Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment. The date of the offense is listed as the same date on all of the documents. The name of the defendant and the court are the same in all of the documents.

There are some minor inconsistencies in the documents that support Appellant's theory that the documents are from separate cases. For example, the address listed for "Jessie Burks"

varies, and the attorney for "Jessie Burks" in the later documents is different. Also, the number of tattoos for "Jessie Burks" is listed as twelve in earlier documents and nine in later documents. But these inconsistencies are not of such a character as to cause us to conclude that the jury's resolution of conflicting evidence is not rational in light of the burden of proof. *See **Brooks***, 323 S.W.3d at 899–900.

Having examined the evidence of record in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that Appellant was convicted of a prior assault involving family violence. Therefore, we hold that the evidence is sufficient under the ***Jackson v. Virginia*** standard to support the trial court's judgment. Appellant's sole issue is overruled.

<u>**DISPOSITION**</u>

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00172-CR**

**JESSIE BURKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0107-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6