FILED
*September 29, 2015*

Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00299-CR
7087951
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 3:42:19 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00298-CR & 03-15-00299-CR

# IN THE COURT OF APPEALS

## FOR THE THIRD SUPREME JUDICIAL DISTRICT

## OF TEXAS

---

JAMES BRADLEY WARDEN, Appellant

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 3:42:19 PM

JEFFREY D. KYLE
Clerk

VS.

THE STATE OF TEXAS, Appellee

---

From the 33rd District Court of
Burnet County, Texas,
the Honorable Judge J. Allan Garrett, presiding

## BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
(512) 444-6557
St. Bar No. 12830050
*Ken_Mahaffey@yahoo.com*

**TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . .  iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  xi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS. . . . . . . . . . .  2

LEGAL ISSUE EXAMINED NUMBER ONE. . . . . . . . . . . . . . . . . . . . . . . . . .  4

> **Did the indictment for possession of methamphetamine vest the trial court with jurisdiction by properly charging Appellant with an offense?**

LEGAL ISSUE EXAMINED NUMBER TWO. . . . . . . . . . . . . . . . . . . . . . . . . .  5

> **Did the indictment for possession of evading arrest vest the trial court with jurisdiction by properly charging Appellant with an offense?**

LEGAL ISSUE EXAMINED NUMBER THREE. . . . . . . . . . . . . . . . . . . . . . . .  7

> **Was the evidence sufficient to show possession of methamphetamine less than one gram?**

LEGAL ISSUE EXAMINED NUMBER FOUR. . . . . . . . . . . . . . . . . . . . . . . . .  9

> **Was the evidence legally sufficient to support the conviction for evading arrest or detention?**

LEGAL ISSUE EXAMINED NUMBER FIVE. . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      **Does the record show ineffective assistance of trial counsel for failing to object to the defective indictment ?**

LEGAL ISSUE EXAMINED NUMBER SIX. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      **Does the lack of evidence, i.e., fingerprints, showing Appellant was the same person listed on the judgments of conviction render the evidence proving the enhancements insufficient?**

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE  AND WORD COUNT COMPLIANCE. . . . . . . 17

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment and their counsel in the trial court:

1. Trial Judge

J. Allan Garrett
33rd District Court
1701 E. Polk, Suite 74
Burnet, TX 78611

2. Appellant:

James Bradley Warden
Bradshaw Unit
01994759
P.O. Box 9000
Henderson, TX 75653-9000

3. Defense Counsel:

Michelle Moore
Attorney at Law
1008 Water St.
Burnet TX 78611

4. The State of Texas:

R. Blake Ewing
Burnet Co. D. A.'s Office
1701 E. Polk Ste 24
Burnet, TX 78611

Richard Crowther
Burnet Co. D. A.'s Office

# INDEX OF AUTHORITIES

**CASES**:

**State Cases**:

*Adames v. State*, 353 S.W.3d 854 (Tex. Crim. App. 2011),
    cert. denied, 132 S.Ct. 1763 (2012). . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Beck v. State*, 719 S.W.2d 205 (Tex. Crim. App. 1986).. . . . . . . . . . . . . . 15

*Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002).  . . . . . . . . . . . . . . 13

*Cain v. State*, 958 S.W.2d 404 (Tex. Crim. App. 1997).. . . . . . . . . . . . . . 8, 9

*Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). . . . . . . . . . 12

*Duron v. State*, 551 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . . 4, 5

*Flowers v. State*, 220 S.W.3d 919 (Tex. Crim. App. 2007). . . . . . . . . . . . . 16

*Garcia v. State*, 57 S.W.3d 436 (Tex. Crim. App. 2002). . . . . . . . . . . . . . 12

*Griffin v. State*, 181 S.W.3d 818 (Tex. App. -
    Houston [14th Dist.] 2005, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . 16

*Griffin v. State*, 866 S.W.2d 754 (Tex. App. - Tyler 1993, pet. ref'd). . . . . 15

*High v. State*, 573 S.W.2d 807  (Tex. Crim. App. 1978). . . . . . . . . . . . . . . 3

Johnson v. State, 885 S.W.2d 641 (Tex. App. --
    Waco 1994, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Lancon v. State*, 253 S.W.3d 699 (Tex. Crim. App. 2008).  . . . . . . . . . . . 8, 10

*Littles v. State*, 726 S.W.2d 26 (Tex. Crim. App. 1987).. . . . . . . . . . . . . . 14

*Lopez v. State*, 415 S.W.3d 495 (Tex. App. -
   San Antonio 2013, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Maysonet v. State*, 91 S.W.3d 365 (Tex. App. -
   Texarkana 2002, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mitchell v. State*, 68 S.W.3d 640 (Tex. Crim. App. 2002).. . . . . . . . . . . . 12

*Moff v. State*, 131 S.W.3d 485 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . 14

*Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014). . . . . . . . . . . . . . 14

*Phynes v. State*, 828 S.W.2d 1 (Tex. Crim. App. 1992).. . . . . . . . . . . . . . . 2

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003). . . . . . . . . . . . 13

*Smith v. State*, No. 05-13-00704-CR, (Tex. App. -
   Dallas July 7, 2014, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Valencia v. State*, 946 S.W.2d 81 (Tex. Crim. App. 1997). . . . . . . . . . . . 12

*Zimmer v. State*, 989 S.W.2d 48 (Tex. App. -
   San Antonio 1998, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


**Federal Cases**:

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781,
   61 L.Ed.2d 360 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2025,
   80 L.Ed.2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Constitutional Provisions**:

**Federal Constitution**:

6th Amend. U.S. CONST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**State Constitution**:

Art. I Sec. 10, TEX. CONST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Art. V, §12, TEX. CONST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

**Statutes**:

Art. 28.10, Tex. Code Crim. Proc. (2012).. . . . . . . . . . . . . . . . . . . . . 8, 9

Art. 44.02, Tex. Code of Crim. Proc. (1979). . . . . . . . . . . . . . . . . . . 12

Sec. 481. 115, Tex. Health and Safety Code. Ann. (2014).. . . . . . . . . . . 4, 5

Sec. 481.102, Tex. Health and Safety Code. Ann. (2013). . . . . . . . . . . . 4, 5

Sec. 545.352, Tex. Transp. Code. Ann. (2013).. . . . . . . . . . . . . . . . . 16

**Rules**:

Rule 25.2, Tex. R. App. Proc. (West 2003). . . . . . . . . . . . . . . . . . . . 12

Rule 3.03, Texas Rules of Prof. Conduct. . . . . . . . . . . . . . . . . . . . . . 16

## STATEMENT OF PROCEDURAL HISTORY

James Bradley Warden was indicted for two offenses in Burnet County, Texas. The first was possession of methamphetamine less than one gram in trial court cause number 41100. The second was evading arrest, enhanced by two prior convictions, in cause number 41101. Both offenses were alleged to have been committed on November 16, 2013. Appellant entered a plea of not guilty. After a trial before a jury, Appellant was convicted and sentenced to eight years for Evading arrest and one year for possession of methamphetamine. On April 15, 2015, Appellant perfected an appeal to this Court.

On June 29, 2015, new counsel was appointed on appeal. Counsel received and reviewed the Clerk's and Reporter's Records. After this review, counsel determined that the record does not support any legal argument that could convince an appellate court to reverse the judgment of conviction or order a new hearing on punishment.

The reporters record shows both cases were heard together and the record was filed with this Court as a single proceeding. Because there were two different cause numbers, the trial court clerk filed separate clerk's records in cause numbers 41100 and 41101. For the purposes of this brief, trial cause number 41100 charging possession of methamphetamine, bearing this court's cause number 03-15-00298-CR, is referred to as "(CR-41100)." Trial court cause number 41101 charging evading

arrest, bearing this court's cause number 03-15-00299-CR, is referred to as "(CR-41101)."

Because counsel could find no meritorious issues to argue in this appeal, he has filed a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This brief is presented to support counsel's conclusion that this record shows no reversible error. Appellant was personally served by certified mail with a copy of the motion, this supporting brief and instructions on how to obtain the record and file a *pro se* brief. A copy of the letter and evidence demonstrating notice to Appellant is attached to the Motion to Withdraw. A certificate of counsel attesting to these facts was also filed with this Court.

**STATEMENT OF FACTS**

**I. Overview.**

This is an evading arrest with a vehicle case where Appellant was also found in possession of less than one gram of methamphetamine. An officer determined Appellant was speeding and gave chase. Appellant made a turn and continued to drive for some time. He eventually stopped in the driveway of his son's home. In a search incident to arrest a matchbox with methamphetamine was found in his shirt pocket. Two enhancement paragraphs raised the evading arrest punishment level a third degree felony and Appellant was sentenced to eight years confinement on that offense. He received one year in the state jail for the possession offense.

**II. Evading Arrest.**

Jeff White was a Burnet Sheriff's deputy with special operations and narcotics. (RR2 126). On November 16, 2012, he was monitoring traffic on State Highway 29. (RR2 127). He received a report that a red pick up truck was speeding on that road. (RR2 128).

Deputy White testified that when Appellant's red truck passed his location, his radar recorded the truck was traveling at 69 miles per hour in a 65 mile per hour zone. (RR2 128 - 129). White then pursued in a marked car and activated his lights. (RR2

129). When Appellant did not stop, White activated his siren. (RR2 130). Appellant continued to drive on and eventually pulled into a rural driveway and stopped. (RR2 131). Other officers arrived and Appellant was arrested. (RR2 133).

### III. Possession of Methamphetamine.

In a search incident to arrest, officers found a match box in Appellant's shirt pocket. (RR2 135). They also discovered a marijuana cigarette in the truck. (RR2 140). A chemist testified that the substance found in the match box contained .79 grams of methamphetamine. (RR2 166).

### IV. Defensive Evidence.

Appellant testified. He explained he did not initially believe the officer was pursuing him because he did not think he was speeding. (RR2 179, 193). Appellant did not pull over immediately because it was a narrow road and he thought it best to continue to his son's property. (RR2 179). He stated he had just found the match box in the bed of his truck that morning and just put in his pocket without looking inside. (RR2 183 - 184). He denied both possession of a controlled substance and evading arrest. (RR2 186). Appellant also admitted to prior felony convictions. (RR2 185, 187).

## V. Verdict.

The jury resolved all fact issues against Appellant. They found him guilty of both evading arrest with a vehicle and possession of methamphetamine. (RR2 29 - 30). The jury then heard punishment evidence.

## VI. Punishment.

The State joined issue by reading two enhancement paragraphs to the jury. The State alleged Appellant was previously convicted of intoxication assault on March 30, 2007. (RR3 33). They also alleged that on the same day Appellant was convicted of the felony offense of possession of a controlled substance. (RR3 34). Appellant entered pleas of not true. (RR3 34).

The State then offered certain certified copies judgments of conviction for a James Bradley Warden into evidence. (RR3 37 - 38). These were admitted without objection. (RR3 39; SX 9, 10, 11, 12, 13, 14, & 15).

Appellant called his former wife who testified Appellant had struggled with addiction in the past but had turned his life around in recent years. (RR3 49). She also testified Appellant regularly paid child support and was taking care of his children. (RR3 47).

**VII. Punishment Assessed**.

The jury found the enhancement paragraphs true. (RR3 68 - 67). They also assessed punishment at one year in the State Jail for possession of methamphetamine and eight years for felony evading arrest. (RR3 68). The trial court imposed sentence accordingly ordering the sentences be served concurrently. (RR3 68) (CR-41100, p. 49; CR-41101 p. 55).

# IN THE COURT OF APPEALS

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

---

JAMES BRADLEY WARDEN, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

### BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Ken Mahaffey, appointed counsel for Appellant, James Bradley Warden, and respectfully submits this Brief in support of his Motion to Withdraw.

### STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT

This is an appeal from a conviction for Evading arrest and Possession of methamphetamine less than one gram. Counsel has reviewed both the Clerk's and Reporter's records. Counsel did not find a meritorious issue to for reversal. Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), an

1

appointed appellate counsel who finds no reversible error in the record must move to withdraw from representation. Counsel has moved to withdraw and this brief is filed in support of that motion.

## DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS

There is no Federal or State constitutional right of appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Texas criminal defendants do have statutory appellate rights. Art. 44.02, Tex. Code of Crim. Proc. (1979); Rule 25.2, Tex. R. App. Proc. (West 2003). These statutory rights include a constitutional right to counsel. *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). Not all appeals contain reversible errors or meritorious issues. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

"[A] defendant's right to assistance of counsel does not include the right to have an attorney urge frivolous or unmeritorious claims." *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App. - Waco 1994, no pet.). An attorney also has a duty to disclose contrary authority to the court. Rule 3.03, Texas Rules of Prof. Conduct, Vol. 3A, Tex. Gov't Code Ann. (1998). It is also improper for an attorney to make a misleading or unsupported argument. *Id*.

Before determining that an appeal is frivolous, counsel must thoroughly review

2

the record and research any issues that may have merit. *Johnson v. State*, 885 S.W.2d at 645. If appellate counsel is unable to find any issue that could "conceivably" persuade a reviewing court to reverse, then counsel has a duty to withdraw. *Id*.

Appellate counsel has two additional duties. First, he must file a brief discussing the record and detailing why each cognizable issue does not constitute reversible error. *Anders*, 87 S.Ct at 1400; *High v. State*, 573 S.W.2d 807, 808 (Tex. Crim. App. 1978). Second, he must notify Appellant of the right to file a *pro-se* brief. *Anders*, 87 S.Ct at 1400; *Johnson*, 885 S.W.2d at 646. This notice must also include a copy of the *Anders* brief and instructions on how to gain access to the appellate record. *Id.* A copy of the certified letter sent to Appellant is attached as an exhibit to the "Motion to Withdraw" filed along with this brief. A certificate of counsel attesting those facts was also filed with this Court.

The appellate court also has a duty to independently review the case. *Johnson*, 885 S.W.2d at 647. This includes determining that appellate counsel conducted a diligent search of the record for any arguable claims. *Id*. The reviewing court must also conduct its own ". . .full examination of all the proceedings. . ." to ensure the appeal is indeed devoid of any meritorious issues. *Id*., *quoting Anders*, 87 S.Ct. at 1400. If the court finds an arguable claim, new counsel should be appointed. *Stafford*, 813 S.W.2d at 511. If no meritorious issues are found, then the conviction must be

affirmed.

## LEGAL ISSUES EVALUATED BY COUNSEL

**LEGAL ISSUE EXAMINED NUMBER ONE:**

**Did the indictment for possession of methamphetamine vest the trial court with jurisdiction by properly charging Appellant with an offense?**

## ARGUMENT AND AUTHORITIES

An indictment vests the court with jurisdiction if it ". . .accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute. . ." *Duron v. State*, 956 S.W.2d 547, 550 - 551(Tex. Crim. App. 1997); Art. V, §12, TEX. CONST. Here, the indictment charges an offense under Sec. 481. 115 (a), Tex. Health and Safety Code. Ann. (2014). Possession of less than one gram is a state jail felony. *Id.* (b). The indictment states a date within the applicable limitation period, identifies Appellant and tracks the statutory language. (CR-41100 p. 4). Counsel could not identify any legitimate legal argument from the record that could convince an appellate court to reverse based on the possession of methamphetamine indictment. (CR-41100 p. 4 ).

4

**LEGAL ISSUE EXAMINED NUMBER TWO:**

**Did the indictment for possession of evading arrest vest the trial court with jurisdiction by properly charging Appellant with an offense?**

## ARGUMENT AND AUTHORITIES

As stated above an indictment vests a court with jurisdiction if states an accused committed a crime with enough specificity to identify a penal statute. *Duron v. State*, 956 S.W.2d 547, 550 - 551(Tex. Crim. App. 1997); Art. V, §12, TEX. CONST. Here, the indictment charges an offense under Sec. 38.04, Tex. Penal Code Ann. (Supp. 2013). It states a date within the applicable limitation period, identifies Appellant and tracks the statutory language. (CR-41100 p. 4).

However, the indictment only charges a misdemeanor. This because it omits the required allegation that Appellant had been previously convicted or used a vehicle necessary to make the offense a felony. (CR-41101 p. 4). Therefore, the question is whether a misdemeanor indictment can vest jurisdiction in the felony district court.

The language of the indictment charges an offense under Sec. 38.04, Tex. Penal Code Ann. (Supp. 2013). Unless the actor has either been previously convicted of the same offense or uses a vehicle in the commission of the offense, the offense is not a felony. Sec. 38.04 (b) (1) (A) & (B), Tex. Penal Code Ann. (Supp. 2013). Here, the State's evidence shows that the State intended to prove use of a vehicle but the

5

indictment contains no such allegation. (CR-41101 p. 4 ).

The issue was considered in *Teal v. State*, 230 S.W.3d 172 (Tex. Crim. App. 2007). *In Teal*, *supra*, like the instant case, the indictment filed in district court charged only a misdemeanor offense. *Id.* at 173. The Court of Criminal Appeals decided that, despite the omission of an essential element necessary to charge a felony, a charging instrument that states an identifiable offense was sufficient to vest the district court with jurisdiction. *Id*. at 180. As a result, the Appellant in *Teal*, *supra*, was required to object to the indictment prior to trial. *Id*. at 181; *accord Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990) (Art. 1.14, Tex. Code Crim. Proc. requires all complaints about the form or substance be raised prior to trial).

Because there was no pre-trial or trial objection to this omission, counsel must concede that the law does not support any argument that would convince an appellate court to reverse. *Teal*, 230 S.W.3d at 181. The indictment charges Appellant with an offense and vested the trial court with jurisdiction under Article V, § 12 of the Texas Constitution. *Duron, supra,* 956 S.W.2d at 550 - 55. Counsel could not identify any legitimate legal argument from the record that could convince an appellate court to reverse based on the evading arrest indictment.

6

**LEGAL ISSUE EXAMINED NUMBER THREE:**

**Was the evidence sufficient to show possession of methamphetamine less than one gram?**

**ARGUMENT AND AUTHORITIES**

**I. Elements of the Offense.**

In trial court cause number 41100, Appellant was charged with Possession of methamphetamine in an amount less than one gram. (CR-41100 p. 4 ). The elements of the offense, under the penal code and the indictment, are as follows:

1. Appellant;
2. knowing or intentionally;
3. possesses;
4. a controlled substance;
5. listed in Penalty Group 1.

*See* Sec. 481. 115 (a), Tex. Health and Safety Code. Ann. (2014). "Methamphetamine" is listed in Penalty Group 1. Sec. 481.102 (6), Tex. Health and Safety Code. Ann. (2013).

**II. Standard of Review.**

When determining "legal sufficiency," appellate courts view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 360 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), cert. denied, 132 S.Ct. 1763 (2012). The evidence must

7

support a finding of guilt beyond a reasonable doubt on each element of the offense. *Jackson*, 99 S.Ct. at 2789. The jury, as fact finder, is the sole judge of the credibility of the witnesses. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The fact-finder may choose to believe all, some, or none of the testimony presented. *Id.* at 407, nt.5.

## III. Evidence at Trial.

Appellant had a match box in his pocket when arrested. (RR2 135). A chemist testified that the substance found in the match box contained .79 grams of methamphetamine. (RR2 166). Appellant's defense was that he found the box in the back of his truck, did not open it, and was unaware of the contents such that he did not have knowing possession. (RR2 183 - 184). The jury was authorized to reject Appellant's testimony that he did not know the box contained methamphetamine. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008) (as "sole trier of fact" the jury "may choose to believe some testimony and disbelieve other testimony."). *see also Smith v. State*, No. 05-13-00704-CR, (Tex. App. - Dallas July 7, 2014, no pet.)(trier of fact could reject defendant's testimony that he was wearing another's shorts in which methamphetamine found). Counsel could identify no legal argument that could convince an appellate court to reverse for insufficient evidence.

**LEGAL ISSUE EXAMINED NUMBER FOUR**:

**Was the evidence legally sufficient to support the conviction for evading arrest or detention?**

## ARGUMENT AND AUTHORITIES

### I. Elements of the Offense.

In trial court cause number 41101, Appellant was charged with evading arrest. (CR-41101 p. 4). The elements of the offense, under the penal code and the indictment, are as follows:

1. Appellant;
2. knowing or intentionally;
3. flees;
4. from a person he knows is a peace officer;
5. attempting to lawfully arrest or detain him; and
6. the actor uses a vehicle . . . while in flight.

*See* Sec. 38.04, Tex. Penal Code Ann. (Supp. 2013).

### II. Standard of Review.

As detailed above, legal sufficiency is determined under *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 360 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), cert. denied, 132 S.Ct. 1763 (2012). The jury, as fact finder, is the sole judge of the credibility of the witnesses. *Cain v. State*, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).

9

## III. Evidence Presented at Trial.

Burnet Sheriff's Deputy, Jeff White, testified he observed Appellant commit an offense by driving 69 miles per hour in a 65 miles per hour zone. (RR2 128 - 129). This testimony describes an offense under Texas law. Sec. 545.352, Tex. Transp. Code. Ann. (2013). A peace officer may lawfully detain a person for offense committed within his view. Art. 14.01, Tex. Code Crim. Proc. (2012); Sec. 543.001, Tex. Transp. Code. Ann. (2013); *see also Maysonet v. State*, 91 S.W.3d 365, 368 (Tex. App. - Texarkana 2002, pet. ref'd)(stop proper for driving 74 in 70 mile per hour zone).

White also testified he activated his lights and siren and that they were visible to Appellant. (RR2 130). Appellant continued to drive on and accelerated away from the officer. (RR2 129 - 130). Because the jury was the sole trier of witness credibility, it could have accepted the officer's testimony and rejected Appellant's. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)  When viewed in the light most favorable to the verdict, the evidence is legally sufficient to support the conviction. *See Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App. - San Antonio 2013, no pet.)("From the officers' testimony that their lights and siren were activated for 0.6 miles or approximately one and one-half minutes, the jury could reasonably infer that Lopez was aware the officers were attempting to detain him but intended to flee to the

10

driveway of his house."). Counsel could identify no legal argument that could convince an appellate court to reverse for insufficient evidence.

**LEGAL ISSUE EXAMINED NUMBER FIVE:**

**Does the record show ineffective assistance of trial counsel for failing to object to the defective indictment ?**

## ARGUMENT AND AUTHORITIES

### I. Introduction.

The record shows the indictment omitted the allegation that Appellant used a vehicle and, as such, charged only a misdemeanor. The question is whether the failure to object to the indictment could cause an appellate court to reverse for ineffective assistance of counsel. The undersigned counsel has concluded that first, the record is insufficient to entertain the claim, and second, the omission would have be considered harmless error.

### II. Standard of Review.

Actions by trial counsel can deny a criminal defendant the constitutional right to counsel. 6th Amend., U.S. CONST.; 14th Amend., U.S. CONST.; Art. I Sec. 10, TEX. CONST. A cause will be reversed for ineffective assistance of counsel if:

11

1) the representation fell below an objective standard of reasonableness; and

2) it so prejudiced his defense such that there was reasonable probability that the result of the proceeding could have been different.

*Strickland v. Washington*, 466 U.S. 688, 690, 104 S.Ct. 2025, 2064, 80 L.Ed.2d 674 (1984); *Valencia v. State*, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).

## III. Record Insufficient to Evaluate the Claim.

It is important to note that there is a strong presumption that actions of counsel are based on legitimate trial strategy. *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). "The reasonableness of counsel's choices often involves facts that do not appear in the appellate record." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

The appropriate vehicle to record facts concerning defense counsel's actions is a hearing on application for writ of habeas corpus. *Mitchell v. State*, 68 S.W.3d at 642. Reversal for ineffective assistance based on the trial record alone is permitted only where there could be no plausible professional reason for a specific act or omission. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2002).

This record does not contain sufficient information to evaluate the reasons for why trial counsel did not object to the indictment or the subsequent jury charge which

12

permitted conviction for use of a vehicle to evade. This is because trial counsel should ". . . be afforded the opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Without a record showing the facts underlying trial counsel's decisions, neither appellate counsel nor a reviewing court can determine if the representation fell below prevailing professional norms. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). As a result, counsel must conclude there is nothing in this record that would persuade an appellate court to reverse based on ineffective assistance of counsel.

## IV. Harmless Error.

Counsel is mindful of the fact that Texas permits indictments to be amended by the State with relative ease. *See* Art. 28.10, Tex. Code Crim. Proc. (2012)("After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the trial on the merits commences."). This means that upon being informed prior to trial that the indictment failed to allege a necessary felony element, the State could have requested an amendment without returning to the grand jury. *Id*. Reviewing courts have not found error from such alterations so long as the defendant was not deprived of notice concerning the charges preferred against

13

him. *See Perez v. State*, 429 S.W.3d 639, 643 (Tex. Crim. App. 2014)(even when not actually physically interlined on the face of the indictment, defendant had notice of proposed changes). From the evidence produced at trial, it was clear to both the accused and the State that use of a vehicle was part of the case against Appellant and there is no indication of lack of notice.

**LEGAL ISSUE EXAMINED NUMBER SIX:**

**Does the lack of evidence, i.e., fingerprints, showing Appellant was the same person listed on the judgments of conviction render the evidence proving the enhancements insufficient?**

## ARGUMENT AND AUTHORITIES

**I. Standard of Review for Enhancement is Beyond a Reasonable Doubt.**

The State must prove any enhancement allegation beyond a reasonable doubt. *Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1987). The evidence must show not only that a conviction exists, but also that the accused is indeed the person previously convicted. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Evidence proving a prior conviction is only sufficient if a rational trier of fact could have found all elements beyond a reasonable doubt. *Moff v. State*, 131 S.W.3d 485, 490 (Tex. Crim. App. 2004) (citing *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct.

14

2781, 2789, 61 L.Ed.2d 560 (1979)). Appellant entered a plea of not true to the allegations. (RR3 34).

## II. State Only Offered Certified Judgments and Not Identification Evidence.

In the punishment, phase below, the trial court admitted two certified copies showing prior convictions under the name James Bradley Warden. There was no other evidence showing Appellant was the same James Bradley Warden listed in those judgments. The question arises whether this properly proved the enhancement allegations.

## III. Judgments with the Same Name as the Accused are Insufficient.

A judgment bearing the same name as the accused is insufficient by itself to connect the accused to that conviction. *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("even if the name on the judgment and sentence in the pen packet is the same as the defendant in trial" that does not demonstrate it was the same person beyond a reasonable doubt). The State must show by "other independent evidence that the defendant is the same person convicted." *Griffin v. State*, 866 S.W.2d 754, 756 (Tex. App. - Tyler 1993, pet. ref'd). The failure to show by fingerprints, or any other method, that the accused is actually the same person previously convicted renders the evidence in sufficient. *See Zimmer v. State*, 989 S.W.2d 48, 52 (Tex.

15

App. - San Antonio 1998, pet. ref'd) (State failed to introduce evidence proving one of two prior convictions required for felony DWI). Here, the State only introduced certified judgments and presented no other evidence with the same name to prove it was Appellant.

**IV. Collective Proof Sufficient if Appellant Admitted the Convictions.**

The standard for reviewing proof of identity is the "totality of the evidence." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Here, Appellant testified during the guilt innocence stage and admitted he had been previously convicted of offenses bearing the same titles. (RR2 185, 187). Because he bore the same name as listed in the judgments, and had admitted previous convictions in the same county, there appears to be no legal argument that could convince an appellate court to reverse on this basis. *Griffin v. State*, 181 S.W.3d 818 (Tex. App. - Houston [14th Dist.] 2005, pet. ref'd) (evidence sufficient because defendant acknowledged conviction during hist testimony in guilt-innocence phase of trial). Counsel can find no good faith argument to raise concerning this issue based on current law.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED, the undersigned counsel respectfully requests that he be permitted to withdraw from representation in this appeal and that the Court independently review the record to determine if indeed there are no arguable points to raise in this appeal and, if an issue is found, appoint new counsel for Appellant.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

## CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE

The above signature certifies that on September 24, 2015, this document was sent by electronic service to the Burnet County D.A.'s Office, 1701 E. Polk Ste 24, Burnet, TX 78611 and, by certified mail, to James Bradley Warden, TDCJ No. 01994759, Bradshaw Unit, P.O. Box 9000, Henderson, TX 75653-9000. The above

signature also certifies that this document contains 5188 words in compliance with

Rule 9.4, Tex. R. App. Proc. (2015)(not to exceed 15,000 words).

ACCEPTED
03-15-00299-CR
7088019
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/24/2015 3:44:20 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00298-CR & 03-15-00299-CR

| JAMES BRADLEY WARDEN | ) | IN THE COURT OF APPEALS |
| V. | ) | FOR THE THIRD SUPREME |
| STATE OF TEXAS | ) | JUDICIAL DISTRICT OF TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Ken Mahaffey, court-appointed counsel for appellant, James Bradley Warden, in the above referenced appeal(s), do hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a *pro se* response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review *pro se*

1

should this Court declare his appeal frivolous.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

2